2013R00335
SDC

FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUN 1 1 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. JKB-13-CR-0302 |
| ) | |
| v. ) | Counts 1: 18 U.S.C. § 1956(h) |
| ) | (money laundering conspiracy) |
| SABRINA NICOLE FITTS, ) | |
| ) | Counts 2 - 3: 18 U.S.C. § 1957 |
| aka Sabrina Nicole Petty, ) | (engaging in monetary transactions in |
| ) | criminally derived property) |
| and ) | |
| ) | Counts 4-5: 31 U.S.C. § 5324(a)(1) |
| DEANNA BAILEY, ) | (causing the failure to file a Currency |
| ) | Transaction Report) |
| Defendants ) | |
| ) | Counts 6-7: 31 U.S.C. § 5318(g) and |
| ) | 5322(b): (aiding and abetting the |
| ) | failure to file a Suspicious Activity |
| ) | Report) |
| ) | |
| ) | Forfeiture: 31 U.S.C. § 5317(c), 18 |
| ) | U.S.C. § 982(a)(1) |

INDICTMENT

COUNT ONE

(Conspiracy to Commit Money Laundering)

THE GRAND JURY FOR THE DISTRICT OF MARYLAND CHARGES THAT:

At all times pertinent to this Indictment --

1. SABRINA NICOLE FITTS was employed as the head teller at the M&T Bank Branch located at 8200 Harford Road, Baltimore, MD 21234.

2. M&T Bank was a financial institution subject to the requirements of 31 U.S.C. § 5311-32 and the regulations promulgated thereunder.

3. Title 31, United States Code, Section 5313, and 31 C.F.R. §§ 1010.311 and 1010.306(a) required that a financial institution that engages in a currency transaction involving more than $10,000 in U.S. Currency must file a report of the transaction with the Internal Revenue Service.

4. Title 31, United States Code, Section 5318(g), and 31 C.F.R. § 1020.320 required that a bank file with the Treasury Department a report of any suspicious transaction relevant to a possible violation of law or regulation. The report was required to be filed no later than 30 calendar days after the date of initial detection by the bank of the facts constituting a basis for filing the report.

5. Among other things, Section 1020.320 defined a reportable suspicious transaction to include one that is conducted at the bank involving at least $5,000 that the bank knows, suspects, or has reason to suspect, involves funds derived from illegal activities .

### The Charge

6. From at least June 2011, the exact date being unknown to the grand jury, through May 9, 2013, in the District of Maryland and elsewhere, the defendants

SABRINA NICOLE FITTS and

DEANNA BAILEY

did knowingly combine, conspire, and agree with each other and with persons known and unknown to the Grand Jury to commit offenses against the United States, to wit:

(a) money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), the elements of which are to knowingly conduct a financial transaction affecting interstate and foreign

2

commerce that involved the proceeds of a specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and with the intent to promote the carrying on of specified unlawful activity;

(b) money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), the elements of which are to knowingly conduct a financial transaction affecting interstate and foreign commerce that involved the proceeds of a specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity;

(c) money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), the elements of which are to knowingly conduct a financial transaction affecting interstate and foreign commerce that involved the proceeds of a specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under federal law; and

(d) conducting a financial transaction in criminally derived property in violation of 18 U.S.C. § 1957, the elements of which are to knowingly engage or attempt to engage in a monetary transaction affecting interstate commerce involving criminally derived property that is of a value greater than $10,000 and is derived from a specified unlawful activity.

18 U.S.C. § 1956(h)

## COUNT TWO

(Engaging in Monetary Transaction in Criminally Derived Property)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations in paragraphs 1 through 5 of Count One of this Indictment are incorporated by reference herein.

### The Charge

2. On or about April 18, 2013, in the District of Maryland, the defendants

SABRINA NICOLE FITTS and

DEANNA BAILEY

knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity, to wit: drug trafficking. The transaction was the exchange of approximately $100,000 in small denomination bills for $100 bills, affected interstate commerce, and was conducted by, to and through a financial institution.

18 U.S.C. § 1957

## COUNT THREE

(Engaging in Monetary Transaction in Criminally Derived Property)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations in paragraphs 1 through 5 of Count One of this Indictment are incorporated by reference herein.

**The Charge**

2. On or about December 2012, the exact date being unknown to the grand jury, in the District of Maryland, the defendants

SABRINA NICOLE FITTS and

DEANNA BAILEY

knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity, to wit: drug trafficking. The transaction was the exchange of approximately $100,000 in small denomination bills for $100 bills, affected interstate commerce, and was conducted by, to and through a financial institution.

18 U.S.C. § 1957

## COUNT FOUR

(Failing to File a Currency Transaction Report)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations in paragraphs 1 through 5 of Count One of this Indictment are incorporated by reference herein.

### The Charge

2. On or about April 18, 2013, in the District of Maryland, the defendant

SABRINA NICOLE FITTS

for the purpose of evading the reporting requirements of section 5313(a) and the regulations prescribed thereunder, did cause and attempt to cause a domestic financial institution, to wit: M&T Bank, to fail to file a Currency Transaction Report required under section 5313(a) and 31 C.F.R. §§ 1010.311 and 1010.306(a).

3. The offense alleged in paragraph 2 was part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

31 U.S.C. § 5324(a)(1) and (d)(2)

## COUNT FIVE

(Failing to File a Currency Transaction Report)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations in paragraphs 1 through 5 of Count One of this Indictment are incorporated by reference herein.

### The Charge

2. On or about December 2012, the exact date being unknown to the grand jury, in the District of Maryland, the defendant

### SABRINA NICOLE FITTS

for the purpose of evading the reporting requirements of section 5313(a) and the regulations prescribed thereunder, did cause and attempt to cause a domestic financial institution, to wit: M&T Bank, to fail to file a Currency Transaction Report required under section 5313(a) and 31 C.F.R. §§ 1010.311 and 1010.306(a).

3. The offense alleged in paragraph 2 was part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

31 U.S.C. § 5324(a)(1) and (d)(2)

## COUNT SIX

(Failing to File a Suspicious Activity Report)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations in paragraphs 1 through 5 of Count One of this Indictment are incorporated by reference herein.

### The Charge

2. On or about April 18, 2013, in the District of Maryland, the defendant

### SABRINA NICOLE FITTS

did willfully cause and attempt to cause M&T Bank, a financial institution required by 31 U.S.C. § 5318(g) and 31 C.F.R. § 1020.320 to file a Suspicious Activity Report, to fail to file such report, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

31 U.S.C. § 5318(g) and 5322(b) and 18 U.S.C. § 2.

## COUNT SEVEN

(Failing to File a Suspicious Activity Report)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations in paragraphs 1 through 5 of Count One of this Indictment are incorporated by reference herein.

### The Charge

2. On or about December 2012, the exact date being unknown to the grand jury, in the District of Maryland, the defendant

### SABRINA NICOLE FITTS

did willfully cause and attempt to cause M&T Bank, a financial institution required by 31 U.S.C. § 5318(g) and 31 C.F.R. § 1020.320 to file a Suspicious Activity Report, to fail to file such report, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

31 U.S.C. § 5318(g) and 5322(b) and 18 U.S.C. § 2.

## Forfeiture

THE GRAND JURY FURTHER FINDS THAT:

1. Upon conviction of the offenses alleged in Counts One through Five of this Indictment, the defendants shall forfeit to the United States pursuant to Title 31, United States Code, Section 5317(c)(1) and Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offense, and any property traceable thereto.

2. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   
   b. has been transferred or sold to, or deposited with, a third party;
   
   c. has been placed beyond the jurisdiction of the court;
   
   d. has been substantially diminished in value; or
   
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

31 U.S.C. § 5317(c)(1); 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853; 28 U.S.C. § 2461(c); FED. R. CRIMINAL. P. 32.2(a),

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON OF THE GRAND JURY

DATE: 6-11-13

_Rod Rosenstein by SC_
Rod Rosenstein
United States Attorney